LORENZO M. MASON et. al., vs. AMISI SLAWSON.

Circuit Court Commissioners have no jurisdiction to act as Injunction Masters in cases not pending in the county in which they reside.

*Alpena Circuit.*

Motion to dissolve injunction.

*By the Court,* SUTHERLAND; J.—The bill seeks performance of an alleged agreement.

It states that a mutual agreement was made, and then that a synopsis was reduced to writing, which is set forth. ` This purports to be a proposition for an exchange of lands, on certain contingencies mentioned, to be determined at a time subsequent to that of filing the bill. There is no statement that there was anything afterwards done to render the proposition absolute, nor is it alleged that it was accepted. If accepted and a valid bargain, certain in all its provisions had thereby been made, the bill was prematurely filed, unless the Court could give effect to a contemporaneous,verbal agreement alleged to have been made, modifying and explaining the terms of the written proposition. Such a variation of a written contract concerning lands cannot be relied on. Being contemporaneous with the writing, it is incapable of proof, by a well settled rule of evidence, and being an agreement concerning land, and no past performance alleged, it is void by the Statute of Frauds. The Bill shows no equity.

The injunction was allowed by an Injunction Master of Bay County. It is insisted by the defendant that his allowance of the writ is void.

The office of Injunction Master was created by the statute of 1846. *R. S.,* 427, Sec. 59.. The following sections show the territorial jurisdiction of such officers, and the scope of their powers :

" Sec. 59. The Supreme Court shall designate one of the Masters in Chancery to be an Injunction Master, who shall have power to grant injunctions within his Circuit, in the cases provided by law.

" Sec. 60. Such designation shall be in writing, and shall be filed in the office of the Clerk of the Supreme Court of the Circuit for which such Injunction Master shall be designated.

"Sec. 61. The Supreme Court may by general rules authorize and empower the Injunction Masters, or any of them in their respective Circuits, to hear and determine all such motions, and to make all such orders in suits and proceedings pending as it shall deem proper, and subject to such regulations as it shall prescribe."

The Legislature changed the office, somewhat, in 1847. *Session Laws*, 1847, p. 171. But they continued to be authorized to grant injunctions within their judicial Circuits.

The Constitution, by abolishing the office of Masters in Chancery, abrogated these statutes. Circuit Court Commissioners, since the adoption of the new Constitution, have been empowered to perform the duties formerly performed by Masters in Chancery, and by the act of 1851, entitled "An Act to provide for the discharge of the duties heretofore performed by Injunction Masters," (*S. L.* 1851, p. 277,) it was enacted that a Circuit Court Commissioner in each county should be designated, and being so designated, should be authorized and empowered to do and perform all the duties heretofore performed by Injunction Masters, under such restrictions and regulations as the Supreme Court should prescribe.

It is manifest from these provisions that Injunction Masters under the present statute, are to have the same powers in their counties respectively as such Masters originally had within their Circuits.— He can not act as such in cases not pending in his county.

The injunction must be dissolved.